## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM F. BURBAS, | DOCKET NUMBER |
| Appellant, | NY-0752-18-0222-I-2 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: June 13, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert L. Boreanaz, Esquire, Buffalo, New York, for the appellant.

Jill M. Skretny and Megan N. Steele, Buffalo, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's discussion of the appellant's rehabilitation potential, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a GS-12 Customs and Border Protection (CBP) Officer in Buffalo, New York. *Burbas v. Department of Homeland Security*, MSPB Docket No. NY-0752-18-0222-I-1, Initial Appeal File (IAF), Tab 8 at 40, Tab 28 at 4. On May 16, 2018, the agency proposed his removal based on the charge of "exposing [his] penis in the workplace." IAF, Tab 8 at 31-33. After considering the appellant's oral and written replies, the agency removed the appellant from his position, effective August 30, 2018. *Id*. at 40, 42-45, 47-82, 84-147.

The appellant appealed his removal to the Board. IAF, Tabs 1, 4. The administrative judge noted that it appeared that the appellant was raising affirmative defenses of whistleblower reprisal and harmful procedural error. IAF, Tab 4. She informed the appellant of his burden of proof to establish these affirmative defenses and ordered him to file evidence and argument regarding these claims. *Id.* The appellant provided information regarding his claim of whistleblower reprisal and clarified that he was not raising a claim of harmful

procedural error. IAF, Tab 6. He did not identify any other affirmative defenses. The administrative judge issued an order dismissing the appellant's claim of whistleblower reprisal. IAF, Tab 17. In an order and summary of telephonic prehearing conference, the administrative judge identified the following issues for adjudication: (1) whether the appellant's removal promoted the efficiency of the service and was within tolerable bounds of reasonableness; and (2) whether the appellant was subjected to a disparate penalty. IAF, Tab 26. The parties did not raise any objections to the order and summary of telephonic prehearing conference. Thereafter, the administrative judge dismissed the appeal without prejudice. IAF, Tab 34.

Shortly thereafter, the appeal was refiled. *Burbas v. Department of Homeland Security*, MSPB Docket No. NY-0752-18-0222-I-2, Appeal File (I-2 AF), Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision that affirmed the removal. IAF, Tab 30, Hearing Compact Disc (HCD); I-2 AF, Tab 4, HCD 2, Tab 7, Initial Decision (I-2 ID). The administrative judge found that the agency proved its charge, nexus, and the reasonableness of the penalty. I-2 ID at 6-21. In discussing the reasonableness of the penalty, the administrative judge separately discussed and found unpersuasive the appellant's claim of disparate penalties. I-2 ID at 15-20. In a footnote in the initial decision, the administrative judge stated that she had previously dismissed the appellant's claim of whistleblower reprisal because the appellant had failed to raise a prima facie case of whistleblower retaliation.[2] I-2 ID at 6 n.9.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has responded in opposition to the petition for review, to which the appellant has replied. PFR File, Tabs 8-9.

---

[2] The appellant does not challenge, nor do we discern any reason to disturb, the administrative judge's finding in this regard.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly sustained the agency's charge that the appellant exposed himself in the workplace.</u>

The administrative judge found that the appellant admitted to exposing himself in the workplace.  I-2 ID at 5-6; IAF, Tab 28 at 4-5 (stipulations 4-6). On review, the appellant does not challenge, and we discern no reason to disturb, the administrative judge's well-reasoned finding that the agency proved its charge.  I-2 ID at 5-6; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Instead, the appellant raises a claim of a violation of due process and generally disagrees with aspects of the administrative judge's penalty analysis.  PFR File, Tab 3 at 7-12.

<u>The administrative judge properly found that the agency established nexus.</u>

In addition to proving its charge by preponderant evidence, the agency must also establish a nexus between the charged misconduct and the efficiency of the service.  5 U.S.C. § 7513(a).   The administrative judge found that there is sufficient nexus between the charged misconduct and the efficiency of the service where, as here, the misconduct occurred at work.[3]  I-2 ID at 7 (citing *Miles v.*

---

[3] In addressing nexus, the administrative judge cited *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 11 (2010), for the proposition that an agency may show a nexus by the following three means:  (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.  This is the standard to show a nexus between off-duty misconduct and the efficiency of the service. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).  The administrative judge, however, correctly recognized that the sustained charge involved on-duty misconduct, and she properly applied the standard for on-duty misconduct in determining that the agency established nexus.

*Department of the Navy*, 102 M.S.P.R. 316, ¶ 11 (2006)). We discern no basis for disturbing this finding on review. I-2 ID at 7.

<u>We need not address the merits of the appellant's due process and harmful procedural error claims.</u>

The appellant asserts on review that the agency violated his due process rights and/or committed harmful procedural error when the deciding official considered certain *Douglas* factors as aggravating factors even though they were not considered as such in the notice of proposed removal. PFR File, Tab 3 at 7-9. The appellant, however, did not raise a claim of due process violation below. The Board will generally not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made such a showing here; thus, we need not further address this claim.

In addition, the appellant did not explicitly identify a harmful procedural error claim either in his initial appeal or in any of his pleadings below. To the extent he argues otherwise, the Board considers a nonexhaustive list of factors in determining whether an appellant is deemed to have waived or abandoned a previously raised affirmative defense. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18. These factors include the following: (1) the thoroughness and clarity with which the appellant raised his affirmative defense; (2) the degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when he was specifically afforded an opportunity to object and the consequences of his failure were made clear; (4) whether the appellant raised his affirmative defense or the administrative judge's processing of the affirmative defense claim in his petition for review; (5) whether the appellant was represented during the course of his appeal before the

administrative judge and on petition for review, and if he was not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Id.*, ¶ 18.

Here, in response to the administrative judge's affirmative defenses order, the appellant explicitly stated that he was not raising a harmful procedural error claim. IAF, Tab 4, Tab 6 at 6. The appellant had an opportunity to object to the order and summary of telephonic prehearing conference, which did not include any affirmative defenses amongst the issues to be adjudicated, but he did not. IAF, Tab 26 at 1-2. Throughout this appeal, the appellant was represented by an attorney, and there is no evidence that his abandonment of harmful procedural error claim was due to confusion, or misleading or incorrect information provided by the administrative judge or the agency. Under these circumstances, the appellant is deemed to have abandoned any such claim.

<u>The administrative judge properly found that removal was a reasonable penalty.</u>

In sustaining the removal penalty, the administrative judge considered the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and concluded that the deciding official considered the relevant factors and exercised her discretion within the tolerable limits of reasonableness. I-2 ID at 7-20. On petition for review, the appellant challenges the administrative judge's analysis of *Douglas* factor 6 (consistency of the penalty with those imposed upon other employees for the same or similar offenses), *Douglas* factor 7 (the consistency of the penalty with any applicable agency table of penalties), *Douglas* factor 8 (the notoriety of the offense or its impact upon the reputation of the agency), *Douglas* factor 9 (the clarity with which the employee was on notice of any rules that were violated in committing the offense), and *Douglas* factor 10 (the potential for the employee's rehabilitation). PFR File, Tab 3 at 9-12. The

administrative judge found, and we agree, that the deciding official considered the relevant *Douglas* factors in making her decision to remove the appellant.

When the agency's charge is sustained, as in this case, the Board will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 9, *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006). That is because the employing agency, and not the Board, has primary discretion in maintaining employee discipline and efficiency. *Id.* The Board will not displace management's responsibility, but instead will ensure that managerial judgment has been properly exercised. *Id.* Mitigation of an agency-imposed penalty is appropriate only when the agency failed to weigh the relevant factors or when the agency's judgment clearly exceeded the limits of reasonableness. *Id.*, ¶ 11. The deciding official need not show that she considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that she considered any specific, relevant mitigating factors before deciding on a penalty. *Id.* For the reasons stated below, the appellant's arguments on review do not provide a basis for disturbing the agency's penalty determination.

Regarding *Douglas* factor 6, the administrative judge considered the cases of several other employees whom the appellant identified (employees # 6, 3, 2, and 5), but she found that none of them were similarly situated to the appellant for purposes of penalty. I-2 ID at 15-18. The appellant disputes these findings on review. PFR File, Tab 3. For the reasons explained in the initial decision, we agree with the administrative judge that employees # 6, 3, and 2 were not similarly situated to the appellant. I-2 ID at 15-17; *see Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13 (holding that the universe of potential comparators should be limited to those employees whose misconduct and/or other

circumstances closely resemble those of the appellant). We also agree with the administrative judge that employee #5's misconduct was most similar to the appellant's. I-2 ID at 17-18. Nevertheless, the administrative judge found that this employee was not a proper comparator because, unlike the appellant, he was not part of a Tactical Terrorism Response Team. I-2 ID at 18. However, even assuming that the administrative judge was wrong and employee #5 was a proper comparator, we find that the agency did not treat him more leniently; it proposed his removal, and he resigned before the agency issued its decision. *Id.* In other words, employee #5's case turned out differently than the appellant's not because the agency issued a lesser penalty, but because the employee chose to resign. For these reasons, we find that consistency of the penalty is not a mitigating factor.

With respect to *Douglas* factor 7, the administrative judge considered the deciding official's testimony that the type of misconduct in which the appellant engaged was not one of the listed offenses and that the closest offense was "inappropriate and/or unwelcome verbal or physical behavior of a sexual nature." I-2 ID at 11-12; HCD (testimony of the deciding official); IAF, Tab 9 at 103. As noted by the administrative judge, the deciding official explained that, although that offense had a recommended penalty range of written reprimand to 30-day suspension for a first offense, the appellant's conduct was more egregious because it involved actual exposure of his genitals and because he admitted to a prior incident of self-exposure. I-2 ID at 12; HCD (testimony of the deciding official). The appellant argues that the penalty of removal is unwarranted because the appellant's offense "does not fit square into any offense listed [on the agency's table of penalties]." PFR File, Tab 3 at 12.

The Board and the U.S. Court of Appeals for the Federal Circuit have held that the table of penalties are merely a guide and are not mandatory unless the agency has a specific statement making the table mandatory and binding rather than advisory. *Farrell v. Department of the Interior*, 314 F.3d 584, 590-92 (Fed. Cir. 2002); *Taylor v. Department of Veterans Affairs*, 112 M.S.P.R. 423, ¶ 10

(2009), *modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010). Here, the "Instructions on Use" for the table of penalties state that the table should be used "as a guide" and that the "absence of a specific offense covering an act does not mean that such an act is condoned, permissible, or would not result in disciplinary or adverse action." IAF, Tab 9 at 98.

With respect to *Douglas* factor 8, the administrative judge considered the deciding official's testimony that the appellant's incident of self-exposure had the potential to seriously harm the reputation of the agency. I-2 ID at 12; HCD (testimony of the deciding official). The appellant argues that, although the deciding official identified potential notoriety as an aggravating factor, it should not be considered as such because she conceded that no negative consequences materialized from his misconduct. PFR File, Tab 3 at 9. It is proper for an agency to consider the harm that the appellant's misconduct could have caused even if the misconduct did not actually result in such harm. *See Chandler v. Social Security Administration*, 80 M.S.P.R. 542, ¶ 12 (1999) (finding the "potential for harm to the agency's basic mission" was an aggravating favor in a penalty analysis); *Jones v. Department of the Navy*, 67 M.S.P.R. 6, 9 (1995) (same).

With respect to *Douglas* factor 9, the administrative judge considered that the deciding official testified that it is "common sense" that one should not expose oneself to one's coworkers, and that some things are so inherently wrong that one need not have them written in an agency's standards of conduct for it to constitute proper notice. I-2 ID at 12. The appellant argues that he did not have clear notice that exposing himself was inappropriate because he had a prior incident of self-exposure, of which his supervisors were aware, and that he was not reprimanded or otherwise disciplined following that incident.[4] PFR File,

---

[4] The proposal notice advised the appellant that the agency took this prior incident into consideration when deciding to remove him. IAF, Tab 8 at 31-32.

Tab 3 at 11. He observes that the deciding official's testimony that it is "common sense" that one should not expose oneself to one's coworkers cannot be considered clear notice of what is considered misconduct. *Id*.

Here, although the agency has not identified a specific agency policy that prohibits the conduct at issue, the Board has found that an agency is not required to describe in detail all potentially prohibited employee conduct. *Goldstein v. Department of the Treasury*, 62 M.S.P.R. 622, 627 (1994), *vacated and remanded on other grounds*, 62 F.3d 1430 (Fed. Cir. 1995) (Table); *Brown v. Federal Aviation Administration*, 15 M.S.P.R. 224, 233 (1983), *rev'd in part on other grounds*, 735 F.2d 543 (Fed. Cir. 1984). The creation of such all-encompassing policies would not be feasible. *Brown*, 15 M.S.P.R. at 233. Rather, an agency may reasonably require Federal employees to exercise "good judgment, notwithstanding the lack of literal guidance from any agency rule, regulation, or other statement of agency policy." *Boyer v. Department of the Navy*, 56 F.3d 84, *2 (Fed. Cir. 1995) (Table);[5] *Bize v. Department of the Treasury*, 3 M.S.P.R. 155, 161 (1980). In this case, common sense should have forewarned the appellant that his action was improper and could lead to discipline. *Brousseau v. United States*, 640 F.2d 1235, 1247 (Ct. Cl. 1981).[6] Based on the foregoing, we find that the agency's failure to identify a specific policy implicated by the appellant's misconduct is not dispositive.[7]

---

[5] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[6] The Board may follow a decision of the U.S. Court of Federal Claims when, as here, it finds its reasoning persuasive. *Special Counsel ex rel. Hardy v. Department of Health and Human Services*, 117 M.S.P.R. 174, ¶ 7 n.6 (2011).

[7] The appellant asserts that the administrative judge abused her discretion in not allowing testimony surrounding the appellant's "prior admitted similar misconduct and the reaction of his supervisors to said misconduct." PFR File, Tab 3 at 10-11. He indicates that this testimony would have shown that he was never put on clear notice or warned that such conduct would result in any discipline. *Id*. An administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious.

With respect to *Douglas* factor 10, the appellant's potential for rehabilitation, the administrative judge considered the deciding official's testimony that this factor weighed against the appellant because he did not take any responsibility for his misconduct and insisted that he exposed himself to his coworker as a joke. I-2 ID at 13; HCD (testimony of the deciding official). The appellant asserts that his personal decision to seek medical help through counseling supports mitigation of the penalty. PFR File, Tab 3 at 9-10. In his oral and written replies to the proposed removal, the appellant raised this issue and provided a June 18, 2018 note signed by a licensed clinical social worker stating that he "self-referred to [Veterans Affairs] care as a pro-active step to enhance overall well-being." IAF, Tab 8 at 61, 88, 141, 143. Because neither the administrative judge nor the deciding official addressed this issue in assessing the appellant's potential for rehabilitation, we modify the initial decision to consider whether the appellant's decision to seek counseling is entitled to mitigating weight.

Here, the appellant does not explain or provide evidence as to how any counseling addressed the misconduct at issue. Even if he had provided such evidence, a "forward-looking" analysis for an appellant's future behavior does not outweigh the agency's legitimate apprehension as to his ability to make proper judgment calls during his day-to-day duties. *See Quander v. Department of Justice*, 22 M.S.P.R. 419, 422 (1984), *aff'd*, 770 F.2d 180 (Fed. Cir. 1985) (Table). We therefore find that the appellant's attendance of counseling is not entitled to significant mitigating weight and does not provide a basis for disturbing the deciding official's conclusions regarding the appellant's rehabilitation potential.

---

*Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). The Board will not reverse an administrative judge's rulings on such matters absent an abuse of discretion. *Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012). The appellant has not shown how any such testimony would have been material to the outcome of this case. Thus, we find that the administrative judge did not abuse her discretion in disallowing this testimony.

Based on our review of the record, we agree with the administrative judge that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal does not exceed the tolerable bounds of reasonableness. I-2 ID at 9-21; *see Alexander v. U.S. Postal Service*, 67 M.S.P.R. 183, 186, 191 (1995) (finding that the appellant's self-exposure and other misconduct was sufficiently serious to warrant removal, despite the appellant's 32 years of Federal service and lack of prior discipline); *see also Walker v. Department of the Navy*, 59 M.S.P.R. 309, 318 (1993) (reversing the administrative judge's mitigation of the penalty of removal where the appellant exposed himself to a female subordinate while on duty on two occasions, despite evidence that his medical and psychological condition may have contributed to his behavior). This is so especially given that the appellant is a law enforcement officer and is held to a higher standard. *See Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 26 (2012).

Thus, we affirm the initial decision, as modified herein.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.